■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER JAMES DANIEL DONOVAN, HARRY MENCHER and VINCENT JOHN FIORILLO, Appellants.— Each of three defendants appeals from a separate judgment of the Supreme Court, Queens County, rendered July 7, 1965, which convicted him of murder in the first degree, upon a jury verdict, and sentenced him to life imprisonment. Judgment against defendant Fiorillo reversed, on the law, and indictment dismissed as to him. Judgments against Donovan and Mencher reversed, on the law and in the interests of justice, and new trial ordered as to said two defendants. The findings of fact as to all the defendants are affirmed. Defendant Fiorillo was previously convicted of murder in the second degree, in June, 1962, after a joint trial held on an indictment which charged murder in the first degree. Subsequent to the reversal of that conviction (*People* v. *Fiorillo,* 20 A D 2d 899), a superseding indictment was filed which again charged murder in the first degree; and the conviction now under review was obtained upon this indictment. Fiorillo had unsuccessfully sought to prohibit his being tried on the superseding indictment on the ground that he had impliedly been acquitted of the higher charge and consequently was twice being placed in jeopardy on the same charge (*Matter of Fiorillo* v. *Farrell,* 16 N Y 2d 678). Subsequent to the trial herein, the Court of Appeals held that the due process clause of the Fourteenth Amendment prohibited a State from retrying a defendant on the higher degree of a charge in an indictment after a jury had only convicted him of a lesser degree of the charge (*People* v. *Ressler,* 17 N Y 2d 174). It therefore follows that Fiorillo's rights were violated when he was forced to stand trial on the indictment herein. We believe that the interests of justice require a new trial as to defendants Donovan and Mencher, as Fiorillo's former testimony and oral confession should not have been before the jury (cf. *People* v. *Gender,* 18 N Y 2d 610; *People* v. *Donovan,* 13 N Y 2d 148, 154). If the People intend to again introduce testimony as to the confession of codefendant Mencher, better practice would indicate the use of separate trials (cf. *People* v. *Nixon,* 21 N Y 2d 338). Brennan, Hopkins and Benjamin, JJ., concur; Beldock, P. J., concurs in the reversal of the judgment against defendant Fiorillo and the dismissal of the indictment as to said defendant, but dissents from the reversal of the judgments against defendants Donovan and Mencher and the ordering of a new trial as to said two defendants and votes to affirm

the judgments against said two defendants, with the following memorandum, in which Rabin, J., concurs: It is clear that the reversal of Fiorillo's conviction and the dismissal of the indictment as to him are not predicated on the admissibility and use of his confession. Moreover, the majority do not contend that Fiorillo's confession, which was admissible against him, was improperly used at the trial so as to constitute prejudicial error to the extent to which it may have militated against his codefendants. Accordingly, the fact that Fiorillo's conviction is reversible for another reason, which does not apply to the convictions of his codefendants, does not justify a *nunc pro tunc* obliteration of Fiorillo's confession, as though it and he had never existed, so as to inure to the benefit of his codefendants, who were properly tried and convicted on other testimony, including, *inter alia,* identifications by witnesses and such codefendants' own admissible confessions. This testimony may well be deemed to have rendered Fiorillo's properly redacted confession of nonprejudicial significance, even if it had been improperly admitted at the trial, which is not the fact at bar. In my opinion, to relegate the People to a retrial of defendants Donovan and Mencher for the reasons indicated would be tantamount to a condemnation of all joint trials and a mandate that the People assume the onerous burden and expense of separate trials in all instances where there is more than one defendant involved, regardless of the circumstances under which a crime may have been committed and irrespective of any joint participation therein by the perpetrators, lest the People run the risk of the result arrived at herein by the majority. Such a result could conceivably also militate, in certain instances, against a defendant and precludes a consideration, on an *ad hoc* basis, of the advisability of a joint trial. It is my view that the result reached herein is not truly in keeping with the interests of justice, in which even the People are entitled to their proportionate share.